**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
v.
**KAREEMA THOMPSON, Defendant**
GOVERNMENT OF THE VIRGIN ISLANDS v. THOMPSON
Crim. No. F434/2002

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

March 10, 2005

BRENDA SCALES, ESQ., Assistant Attorney General, V.I. Department of Justice, St. Thomas, U.S. Virgin Islands, *Attorney for the Government*.

TRESTON E. MOORE, ESQ., Moore, Dodson & Russell, P.C., St. Thomas, U.S. Virgin Islands, *Attorney for the Defendant*.

HOLLAR, *Judge*

## MEMORANDUM OPINION

### (March 10, 2005)

This matter came on for a status hearing and hearing on all outstanding motions on February 10, 2005. The Government of the Virgin Islands appeared through the Office of the Virgin Islands Department of Justice, Renee Gumbs-Carty, Esq. and Brenda Scales, Esq., Assistant Attorney Generals. The Defendant, Kareema Thompson, appeared and was represented by Attorney, Treston E. Moore, Esq. The Government directed the Court's attention to its outstanding motions *in limine* to admit statements filed on January 21, 2005.

In its motion, the Government seeks to: (1) admit, pursuant to FED. R. EVID. 803(1), 803(2) and 804(b)(2), statements made by the deceased victim, A.B., a minor, to his friend, K.C., during a telephone conversation that allegedly took place the day he was killed; (2) admit written statements made by Leroy Williams, who died under circumstances

unrelated to the instant case; and (3) admit statements made by the Defendant, Kareema Thompson. Inasmuch as the parties have agreed to stipulate to either the total admittance or total exclusion of all written statements made by Leroy Williams, that issue is moot.[1] Additionally, Defendant's counsel has conceded that the statements at issue, made by the Defendant, are admissible pursuant to FED. R. EVID. 804(b)(3). Thus, the sole remaining issue left for resolution by the Court is the admissibility of alleged statements made by the deceased minor victim, A.B., to the minor witness, the day he was killed. For reasons that follow, the Court will allow the minor witness, K.C., to testify as to what she heard or was told by the deceased minor victim, A.B., the day he was killed.[2]

## I. FACTS AND PROCEDURAL HISTORY

On July 17, 2003, the Government filed a four (4) count Amended Information against the Defendant, Kareema Thompson, charging the Defendant, in Count I, with second-degree murder, in violation of 14 V.I. CODE ANN. §§ 921 and 922(b); in Count II, with third degree assault, in violation of 14 V.I. CODE ANN. §§ 291(2) and 297(2); in Count III, with unauthorized possession of a firearm, during the commission of a crime of violence, to wit: second-degree murder, in violation of 14 V.I. CODE ANN. §§ 2253(a)(d)(1), 921, and 922(b); in Count IV, with misprision of a felony, to wit: murder, in violation of 14 V.I. CODE ANN. §§ 13, 921 and 922(b).

On March 5, 2004, the Honorable Ive A. Swan issued an Order denying Defendant's motion to dismiss the above captioned case for prosecutorial vindictiveness. By separate Order issued on May 26, 2004, this matter was scheduled for pretrial conference on July 30, 2004 and jury selection on August 9, 2004. On Defendant's motion to continue, the previously scheduled dates were rescheduled to August 23, 2004 and September 13, 2004 respectively. At the August 23, 2004 pretrial conference, the Honorable Ive A. Swan presiding, counsel for the Defendant was ordered to respond no later than September 7, 2004 to the

---

[1] Leroy Williams, an alleged witness, died subsequent to the underlying occurrence under unrelated circumstances.

[2] Inasmuch as the Court now holds that the relevant statements are admissible pursuant to exceptions to the hearsay rule and the minor witness is scheduled to testify, the Defendant's double hearsay challenge is not applicable.

Government's motions *in limine* to admit: (1) Leroy Williams' statements; (2) the minor victim, A.B.'s statements; (3) the minor witness, K.C.'s statements; (4) and the Defendant, Kareema Thompson's statements. On September 12, 2004, on the Government's motion to withdraw the aforementioned motions *in limine*, the Court granted the motion and declared those issues moot. On the eve of jury selection, counsel for the Defendant filed a motion to recuse Judge Swan, pursuant to 4 V.I. CODE ANN. §§ 284, 285 and 287. The motion for recusal was granted on September 17, 2004 and the matter was continued without date, pending reassignment to the undersigned.

A change of plea/status hearing was held on January 14, 2005 before the undersigned. At the conclusion of the hearing, the Court issued a scheduling order setting this matter for, *inter alia*, jury selection on for March 4, 2005, with the trial to commence on March 14, 2005. The Court further directed the parties to submit briefs on the admissibility of, *inter alia*, any hearsay statements in light of *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). On January 21, 2005, the Government re-filed its previously withdrawn motions *in limine* to admit statements made by the minor victim, A.B., written statements by Leroy Williams and statements made by the Defendant. At a February 10, 2005 status hearing, the parties resolved the issues as to the admissibility of: (1) the statements made by the deceased, Leroy Williams; and (2) the admissibility of statements made by the Defendant.

## II. ANALYSIS

The remaining issues before the Court for resolution are: (1) whether the Confrontation Clause of the Sixth Amendment of the United States Constitution as interpreted by the Supreme Court in *Crawford, supra,* bars the hearsay statements at issue; (2) whether the statements made by the deceased minor victim and overheard on the telephone by K.C. are admissible as dying declarations pursuant to FED. R. EVID. 804(b)(2); (3) whether the statement made by the deceased minor victim and overheard on the telephone by K.C. is admissible pursuant to FED. R. EVID. 803(1) as present sense impressions; and (4) whether the statements made by the deceased minor victim and overheard on the telephone by K.C. are admissible pursuant to FED. R. EVID. 803(2) as excited utterances.

## A. The Confrontation Clause of the Sixth Amendment of the U.S. Constitution As Interpreted By the Supreme Court in *Crawford* Does Not Bar the Statements at Issue in the Case *sub judice*

Generally, hearsay evidence is inadmissible at trial against an accused. FED. R. EVID. 802. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). The Sixth Amendment's Confrontation Clause made applicable to states through the Fourteenth Amendment provides in part: "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI.[3]. Despite the general prohibition against hearsay testimony and the Confrontation Clause of the Sixth Amendment, the rule continues to be riddled with exceptions. See *Williamson v. U.S.*, 512 U.S. 594, 611, 114 S. Ct. 2431, 2440, 129 L. Ed. 2d 476 (1994); *See also, U.S. v. Wright*, 363 F.3d 237, 245 (3d Cir. 2004). The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact. *Lilly v. Virginia*, 527 U.S. 116, 124, 119 S. Ct. 1887, 1894, 144 L. Ed. 2d 117 (1999) (citing *Maryland v. Craig*, 497 U.S. 836, 845, 110 S. Ct. 3157, 111 L. Ed. 2d 666 (1990)). "In short, the Clause envisions a personal examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." *Ohio v. Roberts*, 448 U.S. 56, 63, 100 S. Ct. 2531, 2538, 65 L. Ed. 2d 597 (1980).

Prior to *Crawford*, reconciling the Confrontation Clause and the hearsay rule with its many exceptions required that Courts follow a general two step approach set forth in *Roberts, supra*. See, *Lilly*, 527 U.S. at 124, 119 S. Ct. at 1894. The Supreme Court in *Roberts*, recognized that competing interests, if "closely examined," may warrant dispensing with confrontation at trial. *Roberts*, 448 U.S. 64, 100 S. Ct. at 2538 (internal citation omitted). The Court in *Roberts* held that the

---

[3] The Sixth Amendment is made applicable to the Virgin Islands by Section 3 of the Revised Organic Act of 1954, as amended.

introduction of hearsay statements against a criminal defendant will not violate the Confrontation Clause if: (1) the prosecution ordinarily demonstrates the unavailability of the declarant; and (2) the statements bear adequate indicia of reliability or fall within a firmly rooted hearsay exception, or bear "particularized guarantees of trustworthiness." *Roberts*, 448 U.S. at 66, 100 S. Ct. 2531. In fact, it has been held that reliability can be inferred, without more, in a case where the evidence falls within a "firmly rooted" hearsay exception. *Government v. Joseph*, 964 F.2d 1380, 1386 (3d. Cir. 1992). It has been further ruled that the veracity of hearsay statements is sufficiently dependable to allow the untested admission of such statements against an accused when...it contains particularized guarantees of trustworthiness such that adversarial testing would be expected to add little, if anything, to the statements' reliability. *Lily*, 527 U.S. at 125, 119 S. Ct. 1887.

In painstakingly balancing the competing interests of the Defendant's right to confrontation with the States' interest in effective prosecution, the *Roberts'* Court tilted the balance in favor of the State by admitting certain hearsay statements, if the statements had adequate indicia of reliability and trustworthiness. The Court 24 years later in *Crawford*, however, shifted the balance in favor of the Defendant by totally eliminating from *Roberts'* analysis "testimonial" hearsay statements.

Partially modifying and overruling *Roberts*, the Supreme Court, in *Crawford*, held that "testimonial evidence" may not be introduced against a defendant, unless the declarant is unavailable at trial and the defendant had a prior opportunity to cross examine the declarant. *Crawford*, 124 S. Ct. at 1374. In other words, *Roberts* notwithstanding, "where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." (Emphasis added).[4] Finally, the Court indicated that "[w]here non-testimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law—as does *Roberts*, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether." *Id.* (Emphasis added) See *U.S. v. Hendricks*, 395 F. 3d 173, 179 (3d Cir. 2005) (holding that unless a particular

---

[4] Nonetheless, the Court did note two possible exceptions to this bright line rule: (1) dying declarations, *Crawford*, 124 S. Ct. at 1367 n.6; and (2) forfeiture by wrongdoing, *id.* at 1370.

hearsay statement qualifies as "testimonial," *Crawford* is inapplicable and *Roberts* still controls). Thus, it is against this backdrop, that this Court must determine the admissibility of the deceased victim's statements overheard by or told to the minor, K.C., on November 3, 2001.

While the *Crawford* Court did not provide a comprehensive definition of the word "testimonial", Cra*wford*, 124 S. Ct. at 1374, it did provide several specific examples of testimonial evidence, *Crawford*, 124 S. Ct. at 1374 (listing "prior testimony at a preliminary hearing, before a grand jury, or at a former trial[,] and police interrogations"). Moreover, an accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not. *Crawford, 124 S. Ct. at 1364. (Emphasis added). Ergo*, an off-hand, overheard remark might be unreliable evidence and thus a good candidate for exclusion under hearsay rules, but it bears little resemblance to the civil-law abuses the Confrontation Clause targeted. *Crawford*, 124, S. Ct. at 1364. Therefore, the statements that the minor, K.C., overheard, "Kareema stop, Kareema stop, you all stop it" and the statements told to the minor, K.C., "Kareema playing around me with a tool," pass the non- testimonial scrutiny required under *Crawford*. See also, *U.S. v. Hendricks*, 395 F. 3d 173, 181 (3d Cir. 2005) (finding that surreptitiously monitored private conversations and statements contained in Title III wiretap recordings are not testimonial for purposes of *Crawford* because *inter alia* ... "the speakers certainly did not make the statements thinking that they would be available for use at a later trial."); *Horton v. Allen*, 370 F.3d 75, 84 (1st Cir. 2004) (finding that statements made in private conversation between private individuals not testimonial because, *inter alia*, they were not made "under circumstances in which an objective person would reasonably believe that the statement would be available for use at a later trial).

■ Similarly, in the case *sub judice*, private individuals were engaged in a private telephone conversation at the time the statements at issue were made and as such neither party could have or would have expected their statements to be used by the Government against the accused. Thus, the Court finds that the statements at issue are non-testimonial within the meaning of *Crawford* and their admissibility depends on the Federal Rules of Evidence and the analysis under *Ohio v. Roberts*, 448 U.S. at 66.

## B. The Statements Made By the Deceased Minor Victim and Overheard on the Telephone By K.C. Are Not Admissible As Dying Declarations Pursuant to FED. R. EVID. 804(B)(2).

 The Government asserts that the statements at issue are admissible as dying declarations pursuant to FED. R. EVID. 804(b)(2). The Court disagrees. A dying declaration is admissible as an exception to hearsay if the declarant makes the statement while "conscious of impending death and under the belief that there is no chance of recovery." *United States v. Peppers*, 302 F. 3d 120, 137 (3d Cir. 2002) (citing *Webb v. Lane*, 922 F.2d 390, 395 (7th Cir. 1991)) (Emphasis added). A court may infer knowledge of the seriousness of a declarant's condition from the "nature and extent of the wounds inflicted." *Id.* Here, there has been no showing by the Government that the minor victim, A.B., was somehow mortally wounded or laboring under impending death at the time the statements at issue were uttered, although he may have been fearful regarding the brandishing of a firearm. As such, the statements are inadmissible under FED. R. EVID. 804(b)(2).

## C. The Statement Made By the Deceased Minor Victim and Overheard on the Telephone By K.C. Is Admissible As A Present Sense Impression

FED. R. EVID. Rule 803 provides, in part:

> [t]he following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> (1) **Present sense impression.** A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.

> \* \* \* \*

 The unifying trait of all Rule 803 exceptions is a circumstantial guarantee of trustworthiness sufficient to justify non-production of the declarant, whether available or not. *Miller v. Keating*, 754 F. 2d 507, 510, 17 FED. R. EVID. Serv. 723 (3d Cir. 1985) (citing FED. R. EVID. Advisory Committee Notes). There are essentially three (3) principal requirements which must be met before a hearsay statement may be admitted as a present sense impression: (1) the declarant must have personally perceived the event described; (2) the declaration must be an

139

explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous. *United States v. Mitchell*, 145 F. 3d 572, 575 (3d Cir. 1998). The underlying theory of this exception is that substantial contemporaneity of [the] event and [the] statement negative[s] the likelihood of deliberate or conscious misrepresentation. MICHAEL H. GRAHAM, FEDERAL PRACTICE & PROCEDURE, FED. R. EVID. § 7042, pg. 311 (Interim Edition).

In the case *sub judice*, the Government alleges that the minor witness, K.C., was on the phone talking with the minor victim, A.B., when he uttered the words, *inter alia*, "Kareema playing around me with a tool." The first element to the hearsay exception is satisfied because the minor victim, A.B., obviously personally perceived the event that transpired on November 3, 2001. The second element is also satisfied because the words "Kareema playing around me with a tool" purport to explain or describe that event. Finally, the declaration/explanation was contemporaneous with the event because it was made to the minor, K.C., over the phone, by the declarant, at the same time the event was occurring. *See U.S. v. Brown*, 254 F.3d 454, 458 (3d. Cir. 2001) (holding that Officer's statement over the radio to other Officers that "he had been told there was a guy walking up the street with a gun" was admissible as a present sense impression under FED. R. EVID. 803(1)). Thus, the statement "Kareema playing around me with a tool" satisfies the requirements for admissibility under the present sense impression exception to the hearsay rule.

## D. The Statements Made By The Deceased Minor Victim and Overheard on the Telephone By K.C. Are Admissible As An Excited Utterance

FED. R. EVID. Rule 803(2) provides, in part:

[t]he following is not excluded by the hearsay rule, even though the declarant is available as a witness ... :

\* \* \* \*

(2) **Excited utterance.** A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

\* \* \* \*

140

■ The excited utterance exception to the hearsay rule is a long recognized one. *Brown*, 254 F.3d at 454. The basis for the "excited utterance" exception ... is that such statements are given under circumstances that eliminate the possibility of fabrication, coaching, or confabulation, and that therefore the circumstances surrounding the making of the statement provide sufficient assurance that the statement is trustworthy and that cross-examination would be superfluous. *Idaho v. Wright*, 497 U.S. 805, 820, 110 S. Ct. 3139 (1990). The rationale for the excited utterance exception lies in the notion that excitement suspends the declarant's powers of reflection and fabrication, consequently minimizing the possibility that the utterance will be influenced by self-interest and therefore rendered unreliable. *Brown*, 254 F. 3d at 458; *see also* MICHAEL GRAHAM, FEDERAL PRACTICE & PROCEDURE, FED. R. EVID. § 7043 (Interim Edition). Both Rules 803(1) and (2) share certain requirements. One such requirement is that the declarant personally perceive the event or condition about which the statement is made. *Mitchell*, 145 F. 3d at 576. (citing *Miller v. Keating*, 754 F. 2d 507, 511 (3d Cir. 1985)).

■ Citing *David v. Pueblo Supermarket*, 740 F. 2d 230, 235 (3d Cir. 1984), the Government argues that if something seems likely to have startled the speaker, that fact alone suggests that what he/she said was his/her reaction. If what he/she said seems excited, that fact suggests that the occasion was exciting. In the Third Circuit, the requirements for admissibility include: (1) a startling occasion; (2) a statement relating to the circumstances of the startling occasion; (3) a declarant who appears to have had opportunity to observed personally the events; and (4) a statement made before there has been time to reflect and fabricate. *Brown*, 254 F. 3d at 458.

In the case *sub judice*, the minor victim, A.B. was shot and killed on November 3, 2001. According to the statement taken by police from the minor, K.C., the minor victim, A.B. allegedly told K.C., over the phone, that "Kareema playing around me with a tool." Upon questioning by police on December 7, 2001, K.C. stated that initially she did not know what "Bigga"[5] meant by the word "tool," but she later asked her brother the day after the incident and was told that the word "tool" meant a gun.

---

[5] The minor victim, A.B., was apparently also referred to as "Bigga."

■ The reasonable inference from the circumstances presented in the case *sub judice* is that the Defendant, Kareema Thompson, was pointing or playing around with a gun in the presence of the minor victim, A.B. See *Brown, supra.* (holding "[o]n it's face, a man waving a gun. and threatening to shoot people would appear to qualify" [as a startling occasion for rule 803(2) purposes]). Hence, the first element, to wit: a startling occasion is satisfied. The statement "Kareema stop, Kareema stop, you all stop it," satisfies the second element because the statement was apparently uttered referring to the circumstances of the startling event. The third element is also satisfied because the minor victim actually perceived the startling event evoking the response "Kareema stop, Kareema stop, you all stop it". Finally, the fourth element is satisfied because the statements were made contemporaneously with the startling event. Indeed as the event was occurring. Accordingly, this statement is admissible as an excited utterance pursuant to FED. RULE OF EVID. 803(2).

## CONCLUSION

The statements at issue are not barred by the Confrontation Clause of the Sixth Amendment of the U.S. Constitution as interpreted by the Supreme Court in *Crawford* because they are non-testimonial within the meaning of *Crawford, supra* and their admissibility depends on the Federal Rules of Evidence and *Ohio v. Roberts*, 448 U.S. at 66. The dying declaration exception to the hearsay rule is inapplicable because there has been no proffer by the Government that the minor victim, A.B., was somehow mortally wounded or laboring under impending death at the time the statements at issue were uttered. The statement "Kareema playing around me with a tool" is admissible as a present sense impression because the declarant personally perceived the event that the declarant's statement appears to explain and the declaration and the happening of the event was contemporaneous. The statement "Kareema stop, Kareema stop, you all stop it," is admissible as an excited utterance because it is alleged that the Defendant pointed or played around with a gun in the minor victim's presence; the event was starling for purposes of FED. R. EVID. 803(2); the statement was made referring to the circum-stances of the starling occasion while the minor victim personally perceived the event; and the statement was uttered before the declarant

had any time to reflect or fabricate since the statements were made as the event was occurring.

In sum, the statements at issue are non-testimonial and come within two (2) recognized exceptions to the hearsay rule, to wit: present sense impression and excited utterance. Accordingly, the statements are admissible.